UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD J.,

        Plaintiff,

    -v-                          5:24-CV-917

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

OLINSKY LAW GROUP          HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street,
Suite 210
Syracuse, NY 13210

SOCIAL SECURITY             SHANNON FISHEL, ESQ.
   ADMINISTRATION           VERNON NORWOOD, ESQ.
Attorneys for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On July 14, 2024, plaintiff Howard J.[1] ("plaintiff") filed this civil action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act") seeking judicial review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") and child's insurance benefits. Dkt. No. 1.

Because plaintiff did not consent to the direct exercise of Magistrate Judge jurisdiction, Dkt. No. 5, the matter was referred to U.S. Magistrate Judge Miroslav Lovric for a Report & Recommendation ("R&R"), Dkt. No. 4.

On November 4, 2024, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 9, and the parties briefed the matter in accordance with General Order 18, which provides that a district court appeal from the Commissioner's administrative denial of benefits is treated as if the parties have filed cross-motions for judgment on the pleadings, Dkt. Nos. 4, 10, 14, 15.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only the first name and last initial of plaintiff will be mentioned in this opinion.

On August 27, 2025, Judge Lovric advised by R&R that plaintiff's motion should be denied, that the Commissioner's motion should be granted, and that the Commissioner's final decision should be affirmed. Dkt. No. 16.

Plaintiff has lodged an objection. Dkt. No. 17. First, plaintiff argues the ALJ failed to provide an explanation supported by substantial evidence in concluding he did not have sufficient limitations in his ability to maintain a consistent work routine and schedule. *Id*. Further, plaintiff argues the ALJ failed to acknowledge evidence which ran contrary to her ultimate conclusions as to plaintiff's limitations, or lack thereof. *Id*.

Upon review, Judge Lovric properly advised that the ALJ relied upon both objective medical records and plaintiff's testimony in reaching her conclusions regarding plaintiff's ability to maintain a routine and work schedule. Dkt. No. 17. Judge Lovric further advised that the inclusion of a "nonexertional limitation that [p]laintiff 'cannot perform work requiring a specific production rate […] or perform work which requires hourly quotas" was consistent with the entirety of the record, including plaintiff's own representations, showing limitations in his ability to concentrate and complete tasks in a timely manner. *Id*.

Judge Lovric also advised that: (1) plaintiff bears the burden to demonstrate a more restrictive RFC but failed to do so; and (2) even if the ALJ had provided a fuller explanation to support her determination that

plaintiff's mental impairments do not warrant imposing more restrictive capacity limitations, she nevertheless relied upon sufficient evidence in determining plaintiff did not have any limitation on his ability to maintain *any* routine and work schedule.

Upon *de novo* review, Judge Lovric's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 22, 2025
　　　　Utica, New York.